1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF WASHINGTON
9                          AT SEATTLE

10  CHARLES V. MCCLAIN III,

11        Plaintiff,                    Case No. 2:13-cv-02277-RSM

12        v.
                                        ORDER DENYING MOTION FOR
13  1ST SECURITY BANK OF WASHINGTON et  RECONSIDERATION AND MOTION
    al.,                                FOR DEFAULT
14
         Defendants.
15

16      This matter comes before the Court upon pro se Plaintiff's Motion for Reconsideration of

17  the Court's Order Denying Motion for Default Judgment (Dkt. # 12) as well as Plaintiff's

18  renewed Motion for Order of Default and Default Judgment (Dkt. # 14). For the reasons that

19  follow, the Court denies both motions.

20      On January 10, 2014, Plaintiff filed a motion for default judgment against all Defendants

21  along with a certificate of service. Dkt. # 9. On the same day and immediately prior to the filing

22  of Plaintiff's motion, counsel filed a notice of appearance for all Defendants in this action. Dkt. #

23  8. Accordingly, the Court entered an Order denying default as Plaintiff's motion failed to comply

24  with Local Rule 55(a). *See* Local Rule W.D. Wash. CR 55(a) (requiring that, where a defaulting

25  party has entered an appearance, the moving party must give the defaulting party written notice

26  of the intention to move for entry of default at least fourteen days prior to filing its motion).

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR DEFAULT - 1**

Plaintiff now moves the Court to reconsider its Order denying default upon his information and belief that his motion for default was filed prior to Defendants' notice of appearance. *See* Dkt. # 12, pp. 1-2. Plaintiff also renews his motion for default as over fourteen days have lapsed since Defendants were notified of his intent to file a default judgment through service of his original motion. *See* Dkt. # 14, ¶¶ 14, 15.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Local Rules of this district require that default may only be entered against a party when supported by an affidavit "specifically showing that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4." Local Rules W. D. Wash. LCR 55(a). To comply with Federal Rule of Civil Procedure 4, a plaintiff must serve all defendants with a summons that is both signed by the clerk and bears the Court's seal. Fed. R. Civ. P. 4(a)(1)(F),(G); Fed. R. Civ. P. 4(b), (c). *See also*, Local Rules W. D. Wash. LCR 4(a)("It is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service. Forms of summons may be obtained by the clerk."). A motion for default cannot be entertained if the record does not substantiate that defendants against whom default is sought were properly served with a court-issued summons and copy of the complaint.

Plaintiff's Motions for Default both rely on an affidavit of service and copy of summons attached as an exhibit to his first Motion. *See* Dkt. # 9, Ex. 1, 2. This summons does not bear the clerk's signature or the Court's seal, and there is no record in this case of a summons having been issued by this Court. As Plaintiff has not demonstrated by affidavit or otherwise that he has complied with Federal Rule of Civil Procedure 4, without which no Defendant is required to appear or defend, the Court is unable to grant the requested relief.

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR DEFAULT - 2**

For the reasons stated herein, it is hereby ORDERED that Plaintiff's second Motion for Default (Dkt. # 14) and Motion for Reconsideration of the Court's Order Denying Default (Dkt. # 12) are DENIED. Plaintiff is instructed to perfect service within 120 days of the filing of his complaint. *See* Fed. R. Civ. P. 4(m).

DATED February 4, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR DEFAULT - 3**