UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. MCCLAIN III,<br><br>    Plaintiff,<br><br>    v.<br><br>1ST SECURITY BANK OF WASHINGTON et al.,<br><br>    Defendants. | Case No. 2:13-cv-02277-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

    This matter comes before the Court upon pro se Plaintiff's Motion for Reconsideration of the Court's Order Denying Motion for Default Judgment. Dkt. # 18. For the reasons that follow, the Court denies Plaintiff's motion.

    On January 10, 2014, Plaintiff filed a motion for default judgment against all Defendants along with a certificate of service. Dkt. # 9. On the same day and immediately prior to the filing of Plaintiff's motion, counsel filed a notice of appearance for all Defendants in this action. Dkt. # 8. Accordingly, the Court entered an Order denying default as Plaintiff's motion failed to comply with Local Rule 55(a). On January 28, 2014, Plaintiff filed a motion for reconsideration of the Court's order denying default and a renewed motion for default and default judgment. Dkt. ##

**ORDER DENYING MOTION FOR RECONSIDERATION - 1**

12, 14. The Court denied both motions due to Plaintiff's failure to serve Defendants with a Court-issued summons as required by Federal Rule of Civil Procedure 4.

Plaintiff now moves the Court to reconsider its Order denying Plaintiff's renewed motion for default and default judgment. Dkt. # 18. Plaintiff contends that he substantially complied with the procedural requirements to perfect service provided by Federal Rule of Civil Procedure 4 such that default is warranted. Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of manifest error or of new facts or legal authority. *See* Local Rule 7(h)(1).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *In re Focus Media Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004). "[S]ervice of process is the means by which a courts asserts its jurisdiction over the person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). A federal court lacks personal jurisdiction over a defendant who is not served in accordance with Federal Rule of Civil Procedure 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Consequently, a court has "no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *Ross*, 504 F.3d at 1138-39. The Ninth Circuit has described Rule 4 as a "flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 684, 688 (9th Cir. 1988). Nonetheless, the Court lacks discretion to waive procedural defects where plaintiff has not demonstrated "substantial compliance" with Rule 4. *See*, *Ross*, 504 F.3d at 1140 ("[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.")(quoting *Benny*, 799 F.2d at 492).

The Local Rules of this District require that default may only be entered against a party when supported by an affidavit "specifically showing that the defaulting party was served in a

**ORDER DENYING MOTION FOR RECONSIDERATION - 2**

manner authorized by Fed. R. Civ. P. 4." Local Rules W. D. Wash. LCR 55(a). To comply with Federal Rule of Civil Procedure 4, a plaintiff must serve all defendants with a summons that is both signed by the clerk and bears the Court's seal. Fed. R. Civ. P. 4(a)(1)(F),(G); Fed. R. Civ. P. 4(b), (c). *See also*, Local Rules W. D. Wash. LCR 4(a)("It is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service. Forms of summons may be obtained from the clerk.").

In the instant matter, Plaintiff admits that he failed to obtain a Court-issued summons but moves the Court to find that he has nonetheless substantially complied with the procedural requirement of Rule 4. *See* Dkt. # 18, p. 4. Plaintiff also contends that by filing a Notice of Appearance, Defendants effectively waived defects in process. *See Id*. Plaintiff is incorrect. Where Plaintiff has failed to serve Defendants with a summons issued by the Court and bearing the Court's impratur, the Court cannot find that Plaintiff has substantially complied with Rule 4 such that it exercises personal jurisdiction over Defendants. *See, e.g.*, *Ayres v. Jacobs & Crumpler, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996)(holding that "a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to confer personal jurisdiction over a defendant even if properly served."). Nor does the filing of a Notice of Appearance by Defendants' counsel waive defects in service. *See Hayes v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844 n. 10 (9th Cir. 1969)(finding that Defendants were entitled to assert defense of insufficiency of process following appearance and that special appearance is not necessary to challenge personal jurisdiction due to insufficiency of process). The Court cannot find that Defendants consented to jurisdiction or waived process where they filed a Notice of Appearance in order to object to Plaintiff's motion for default based on the insufficiency of process. *See* Dkt. # 15, pp. 1-2 (explicitly reserving "available defenses including sufficiency of process or service of process").

**ORDER DENYING MOTION FOR RECONSIDERATION - 3**

Accordingly, the Court finds that Plaintiff has failed to demonstrate manifest error or produce new factual or legal authority sufficient to grant a motion for reconsideration. For the reasons stated herein, it is hereby ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Denying Default and Default Judgment (Dkt. # 18) is DENIED.

DATED this 12 day of February 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

**ORDER DENYING MOTION FOR RECONSIDERATION - 4**