UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. MCCLAIN III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>1ST SECURITY BANK OF WASHINGTON et al.,<br><br>　　　　　Defendants. | Case No. C13-2277 RSM<br><br>ORDER ON MOTIONS AND DISMISSAL |

　　　　THIS MATTER comes before the Court upon Plaintiff's Motion for Default (Dkt. # 33), Defendants' Motion to Dismiss (Dkt. # 40), and Plaintiff's Motion for Order Directing Service by U.S. Marshals Service (Dkt. # 41). Plaintiff is proceeding *pro se* and *in forma pauperis* in this suit. Having considered the motions and opposition thereto and the remainder of the record, the Court denies Plaintiff's request for default and for U.S. Marshals Service and grants Defendants' Motion to dismiss this action without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m).

**PROCEDURAL BACKGROUND**

　　　　Plaintiff submitted his *in forma pauperis* ("IFP") application and his proposed complaint to the Court on December 19, 2013. *See* Dkt. # 1. Plaintiff's Complaint alleges a range of state and federal law violations based on claimed unauthorized withholdings and transfers from his

ORDER ON MOTIONS AND DISMISSAL **- 1**

bank account in December 2009. *See* Dkt. # 5 (Compl.). The Court granted Plaintiff's IFP application on December 23, 2013, and his Complaint was deemed filed the same day. *See* Dkt. ## 4, 5. Accordingly, under Federal Rule of Civil Procedure 4(m), Plaintiff had 120 days, or until April 22, 2014 to serve summons and a copy of his Complaint on all Defendants. *See* Fed. R. Civ. P. 4(m), 4(c), 6(a).

On January 10, 2014, Plaintiff moved for default against Defendants, on whose behalf counsel had entered an appearance. *See* Dkt. ## 8, 9. On January 27, 2014, the Court denied Plaintiff's Motion, instructing Plaintiff that he had failed to comply with Local Civil Rule 55(a), which requires that written notice be given to any defaulting party that had entered an appearance in the action. *See* Dkt. # 10. In denying Plaintiff's Motion for Reconsideration and renewed Motion for Default and Default Judgment on February 4, 2014, the Court further explained to Plaintiff that he had failed to effect service in compliance with Federal Rule of Civil Procedure 4, which requires that he serve all Defendants with a summons that is both signed by the Clerk and bears the Court's seal, together with a copy of his Complaint. *See* Dkt. # 17 (citing Fed. R. Civ. P. 4(a), (b), & (c); LCR 4(a)). The Court instructed Plaintiff to perfect service within 120 days of filing. *Id.* at p. 3. The Court pointed out the defects in service to Plaintiff again on February 12, 2014 in denying a second motion for reconsideration. *See* Dkt. # 21.

Plaintiff filed the instant Motion for Default on April 7, 2014, asking again that default be entered against all Defendants. Dkt. # 33. On May 27, 2014, Defendants moved to dismiss Plaintiff's Complaint for failure to effect service over a month after the deadline to serve them had lapsed. Dkt. # 40. The next day, Plaintiff filed a Motion requesting that the Court order the U.S. Marshal's service to effect service of Plaintiff's summons and amended complaint. Dkt. # 41.

## DISCUSSION

If a defendant is not served within 120 days of the filing of a complaint, the Court is required to dismiss the action without prejudice or order that service be made within a specified

time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for his failure to timely serve, the Court must extend the time for service. *Id.* The Ninth Circuit has explained that "at a minimum," a plaintiff must show "excusable neglect" in order to meet the "good cause" standard. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In order to bring his excuse to the level of "good cause," the plaintiff may also be required to show that: (1) the party to be served personally received actual notice of the lawsuit; (2) the defendant would suffer no prejudice; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80-91 (9th Cir. 1987)).

Absent a showing of good cause, the Court has broad discretion to determine whether to dismiss the action without prejudice or to order service within a specified period of time. The Ninth Circuit has cited to the following factors as relevant to the Court's assessment of whether to dismiss an action for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring its disposition of cases on their merits [;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this instance, the Court determines that dismissal without prejudice is the appropriate sanction for Plaintiff's failure to effect service. There is no question that Plaintiff failed to timely and properly serve Defendants despite multiple warnings by the Court, including specific instructions as to the manner in which service must be effected and the 120-day time limit for compliance. Plaintiff's most recent Motion for Default demonstrates his continuing refusal to follow the Court's rules for service. *See* Dkt. # 33. He once again failed to provide Defendants, who have entered their appearance in this case, with fourteen days advance written notice of his intent to file the motion for default, as required by LCR 55(a). He also failed to show by affidavit or otherwise that he had served Defendants in a manner authorized by Rule 4. Rather, he had merely delivered a copy of the Complaint to defense counsel, with summons directed to

ORDER ON MOTIONS AND DISMISSAL **- 3**

counsel's law firm rather than to any of the Defendants. *See* Fed. R. Civ. P. 4(a)(1)(B) (requiring that a summons be "directed to the defendants").

Plaintiff has also failed to show "good cause" for his failure to comply with Court Orders and Rules in order to accomplish service within the applicable time limit. In his response to Defendants' Motion to Dismiss, Plaintiff rehashes arguments from his previous Motions for Reconsideration, contending that Defendants and the Court misinterpret what is required by Rule 4. Yet as Plaintiff himself notes, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction 'without substantial compliance with Rule 4.'" Dkt. # 43, p. 2; *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007). The Court's ability to liberally construe Rule 4 is limited by its inability to waive procedural defects where plaintiff has not demonstrated his substantial compliance with the requirements for effecting service. *Id.*

Plaintiff has made no showing of excusable neglect and indeed failed to provide any explanation for his inability or unwillingness to comply with Rule 4. He offers the single specious argument that he interpreted an instruction in an email by Defendants' counsel, informing Plaintiff that "all communication to any defendants should be addressed to the undersigned," (*see* Dkt. # 18, Ex. 1) to mean that he should also serve summons and Complaint on counsel. *See* Dkt. # 43, p. 3. Even if Plaintiff had so interpreted this email, he should have been sufficiently disabused of this notion by the Court's repeated instructions to personally serve Defendants. Further, Plaintiff has acted on his own behalf in prosecuting at least four other cases in this District and cannot be heard to claim ignorance of this Court's Rules. *See* Cause No's. 2:02-cv-01679TSZ, 2:05-cv-00218JCC, 2:07-cv-00567RSM, 2:08-cv-00613RSM, 2:12-cv-01.620RSM). Nor do Plaintiff's tardy efforts to accomplish service suffice to demonstrate good cause. *See Colen v. U.S.*, 2008 WL 2051697 (C.D. Cal. 2008) ("Plaintiff's just-filed proofs of service still do not evidence proper service in a timely manner.").

Rather, Plaintiff maintains that even if service was not accomplished, Defendants have waived their ability to raise the issue. First, Plaintiff argues that Defendant's entry of Notice of

ORDER ON MOTIONS AND DISMISSAL **- 4**

Appearance and response to Motions for Default waives the service requirement. Dkt. # 43 at pp. 2-3. Plaintiff is mistaken, as Federal Rule of Civil Procedure 4(d) provides the procedures for accomplishing waiver of service, of which Plaintiff has not attempted to avail himself. Plaintiff further incorrectly argues that Defendants have waived their ability to request dismissal for failure to comply with Rule 4(m) by failing to make this argument in their earlier filed briefs. First, the cases that Plaintiff cites are inapposite. The Northern District of California found that a defendant had waived his defense under Rule 4(m) for insufficient service of process for failure to raise it in a previous motion to dismiss. *Rudolph v. UT Starcome, Inc.*¸ 2009 WL 248370, *3 (N.D. Cal. 2009). Unlike the defendant in *Rudolph*, Defendants have filed neither a prior Rule 12(b) motion to dismiss nor a responsive pleading in which they could have asserted this defense. Second and more fundamentally, this defense did not become available to Defendants until April 23, 2014, the day after the 120-day window to accomplish service had lapsed. *See, e.g.*, *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983) (finding no waiver where defense was not previously available); *cf. Lucas v. Natoli*, 891 F.2d 295 (9th Cir. 1989) (explaining that the "purpose of Rule 12(h)(1) is to force litigants to challenge personal service as the earliest possible time and not file a series of delaying 12(b) motions").

Plaintiff's request for U.S. Marshal service of summons and amended complaint comes over a month too late to salvage his case. In order to obtain marshal service of a complaint, a plaintiff proceeding IFP must make a timely request to the Court. *Boudette v. Barnette*, 923 F.2d at 757. Where a litigant does not make such a timely request, he "remain[s] solely responsible for timely service." *Id.* Accordingly, Plaintiff's untimely request for U.S. Marshal service cannot overcome his failure to effect service within the allowable window. Nor does Plaintiff's attempt to belatedly serve an amended complaint excuse him from the requirement to accomplish service within 120 days of the filing of his original complaint. The filing of an amended complaint does not re-start the clock on service provided by Rule 4(m) except as to defendants that have been newly added in the amended complaint. *Carr v. International Game Technology*, 770 F.Supp.2d

ORDER ON MOTIONS AND DISMISSAL **- 5**

1080 (D. Nev. 2011) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)). Here, Plaintiff's amended complaint has not added new defendants, and it could not have rewound the 120-day clock that began to toll in December 2013.

  While the Court recognizes that it has discretion to extend the period for service in certain circumstances, it does not find the exercise of this discretion to be warranted in the instant case. Of the *Carey* factors discussed *supra*, the need for the Court to manage its docket and the public's interest in expeditious resolution of litigation both clearly militate in favor of dismissal. Further, a review of Plaintiff's Complaint does not show there to be a sufficient likelihood of success on the merits to militate against dismissal. *Cf. United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) ("The 1993 amendment to General Rule 4(m) gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process."). While less drastic sanctions are available to the Court in the form of extending time for service and directing it to be accomplished by the U.S. Marshals, the Court is not persuaded that this factor overcomes those supporting dismissal.

  In particular, the Court does not find that dismissal of Plaintiff's Complaint would preclude him from prosecuting this action as a result of any applicable statutes of limitations. Plaintiff's breach of contract claim for an action on a written contract is subject to a six-year statute of limitations that, assuming no equitable tolling, would not expire until December 2015. *See* RCW 4.16.040. The majority of Plaintiff's claims appear to be subject to a three-year statute of limitations, which, assuming no equitable tolling, expired in December 2012, prior to the initiation of this lawsuit. *See, e.g.*, RCW 4.16.080 (specifying three-year statute of limitations for an action for taking, detaining, or injuring personal property); *Southwick v. Seattle Police Officer John Does # 1-5*, 145 Wash.App. 292, 297-98, 186 P.2d 1089 (2008) ("Since there is no statute of limitations for claims under 42 U.S.C. § 1983, the appropriate limitation period for a § 1983 action is the forum state's statute of limitation for personal injury cases, which in Washington is three years."). Should Plaintiff wish to continue prosecuting his claims, there is no indication that

ORDER ON MOTIONS AND DISMISSAL **- 6**

his ability to do so will be prejudiced by the requirement that he re-file his Complaint and properly serve Defendants within the appropriate time period.

## CONCLUSION

Accordingly, the Court finds that Plaintiff has not shown good cause for his failure to accomplish service within 120 days as provided by Rule 4(m) and that this case does not warrant the exercise of the Court's discretion to extend the time for service. The Court therefore finds and ORDERS as follows:

(1) Plaintiff's Motion for Default (Dkt. # 33) is DENIED.

(2) Defendants' Motion to Dismiss (Dkt. # 40) is GRANTED.

(3) Plaintiff's Motion for Order Directing U.S. Marshals Service of Summons and Amended Complaint (Dkt. # 41) is DENIED.

(4) Plaintiff's case is hereby DIMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

DATED this 11th day of December 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE